**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT OF COLUMBIA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 04-0393 (JR) |
| | : |
| GARIE CLEVELAND, *et al.*, | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

The District of Columbia seeks judicial review of administrative ruling in a proceeding held under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. §§ 1400, et seq. After lengthy, back-and-forth proceedings, a District of Columbia Public Schools hearing officer issued a Hearing Officer's Determination (HOD) requiring the defendant's son, B.C., to be placed at a group home immediately, at DCPS's expense. The order was issued on December 9, 2003. The District filed this suit on March 10, 2004, challenging the revised order. The case was reassigned to me in October 2004, some three months after B.C. had graduated from high school and had been discharged from the group home. Dkt. #10 at 1. The suit seeks reversal of the HOD. Defendants' motion asserts that the case is moot.

A case may become moot if events occurring after a suit's inception resolve the issues in such a way that a federal court is unable to provide the parties any effectual relief.

<u>Arizona Elec. Power Coop., Inc. v. Federal Energy Regulatory Comm'n</u>, 631 F.2d 802, 808 (D.C. Cir. 1980).  This is such a case.  The only relief the District seeks is an order reversing the Hearing Officer's order to pay for B.C.'s placement at a group home.  B.C. having left the group home, however, there is no longer a continuing substantial controversy between the parties.  <u>Super Tire Eng'g Co. v. McCorkle</u>, 416 U.S. 115, 121-22 (1974); 15 James Wm. Moore, <u>Moore's Federal Practice</u> § 101.99 (3d ed. 2005).

     The District resists a mootness finding, arguing that the court could order reimbursement for B.C.'s stay in the group home, Dkt. #11 at 6.  The District has not demanded reimbursement, however.  Dkt. #1 at ¶¶ 29-31 (Relief ¶¶ 1-3).  The District also argues that a decision in this case could have an effect on future determinations dealing with funding for group home placements and the scope of a hearing officer's authority.  Dkt. #11 at 5-6.  A finding that a case is moot does not reach the merits, however, nor does it require acquiescence in future hearing officer determinations.

     An appropriate order accompanies this memorandum.


                                       JAMES ROBERTSON
                        United States District Judge